# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

ATTURO TIRE CORP.,

         Plaintiff,

vs.

MAX-TRAC TIRE CO., INC. d/b/a MICKEY THOMPSON TIRES & WHEELS,

         Defendant.

Case No. 2:19-cv-00198-JCM-VCF

**ORDER**

MOTION TO STRIKE [ECF NO. 24]

    Before the Court is Plaintiff Atturo Tire Corp.'s Motion to Strike Defendant's Affirmative Defenses. (ECF No. 24). For the reasons discussed below, the Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

    In the complaint, Plaintiff brings trademark infringement, unfair competition, common law trademark infringement, and common law unfair competition claims against Defendant Max-Trac Tire Co. (ECF No. 1 at 19-22). Defendant filed an answer containing three affirmative defenses. (ECF No. 22 at 12-13).

    Plaintiff now moves to strike each of the affirmative defenses. (ECF No. 24). Plaintiff argues that they are not true affirmative defenses and do not provide Plaintiff with fair notice. (*Id.* at 4-6). Defendant argues that the affirmative defenses are properly pled. (ECF No. 25 at 2-3). In the alternative, Defendant requests leave to amend the defenses. (*Id.* at 3). "With respect to Defendant's second and third affirmative defenses, Plaintiff does not oppose Defendant's request for 'leave to amend its affirmative defenses to add any additional details or allegations sufficient to cure any defect.'" (ECF No. 30 at 7).

**DISCUSSION**

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc*., 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." *D.E. Shaw Laminar Portfolios, LLC*, 570 F.Supp.2d at 1271 (quoting *Germaine Music v. Universal Songs of Polygram,* 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation omitted). "Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979)).

Defendant's first affirmative defense states that "Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted." (ECF No. 22 at 12). Plaintiff argues that this is not a true affirmative defense. (ECF No. 24 at 2-3). It is true that some courts strike defenses that are "not properly asserted as an affirmative defense," meaning they assert a defect in the case rather than assert facts to bar recovery notwithstanding a valid case. *F.T.C. v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 4039069,

at *3 (D. Nev. Aug. 5, 2013); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010). However, this approach does not fulfil the purpose of a Rule 12(f) motion: "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*, 618 F.3d at 973 (internal quotation omitted). The Court should not strike a defense "to merely polish the pleadings." *Duramed Pharm., Inc. v. Watson Labs., Inc.*, No. 308-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008). "The Court fails to see the utility in striking a negative defense at this point, despite it being mislabeled as an affirmative defense, without proof that it is legally insufficient." *Garity v. Donahoe*, No. 2:11-cv-01805-MMD-CWH, 2013 WL 4774761, at *3 (D. Nev. Sept. 4, 2013). Therefore, Plaintiff's motion to strike is denied as to the first affirmative defense.

Defendant's second and third affirmative defenses each contain one sentence: "Plaintiff's claims are barred in whole or in part by unclean hands," and "Plaintiff has failed to mitigate damages, if any such damages exist." (ECF No. 22 at 13). Plaintiff argues that these defenses fail to give Plaintiff fair notice of their bases. (ECF No. 24 at 3-4). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957)).

The Court finds that Defendant's second and third affirmative defenses fail to give Plaintiff fair notice. There are competing cases in this District regarding what must be alleged in an affirmative defense—merely the legal theory of the defense (*Eyetalk365, LLC v. Zmodo Tech. Corp.*, 356 F. Supp. 3d 1059, 1067 (D. Nev. 2018)); the legal theory and grounds for the defense (*MetroPCS v. A2Z Connection, LLC*, No. 2:15-cv-01412-JAD-CWH, 2019 WL 1244690, at *4 (D. Nev. Mar. 18, 2019)); or sufficient factual matter to show the defense is plausible (*Rimini St., Inc. v. Oracle Int'l Corp.*, No. 2:14-cv-1699-LRH-CWH, 2017 WL 7038125, at *2 (D. Nev. Nov. 17, 2017)). The Court finds the interests of both

3

parties and the Court are best served by requiring Defendant to provide the legal theory and grounds for these affirmative defenses. This does not require any detailed factual statement, but Defendant must give some indication of what direction the defenses will take. Unclean hands and mitigation are both very broad legal theories, and it is not reasonable for the parties to engage in discovery covering every possible form that these defenses will take.

Therefore, Defendant's second and third affirmative defenses are stricken with leave to amend. This case is still in its very early stages, and Plaintiff will not be prejudiced by allowing Defendant to amend these affirmative defenses to provide more detail regarding the grounds for the defenses.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 24) is DENIED as to Defendant's first affirmative defense.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 24) is GRANTED WITH LEAVE TO AMEND as to Defendant's second and third affirmative defenses. Defendant will have until May 8, 2019 to file the amended affirmative defenses.

DATED this 24th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE